AMELIA WEBSTER *v.* STATE.

CRIMINAL LAW.    *Evidence Previous convictions.    Sale of liquors.    Code*
1906, *section* 1762.

While under Code 1906, section 1762, so providing, in a prosecution
for the unlawful sale of liquors the state is not confined to proof
of a single violation committed before the date laid in the indict-
ment, this only applies to offenses of which the defendant has not
already been tried, and does not warrant the state in introducing
evidence of previous convictions of other offenses of the same
character.

APPEAL from the circuit court of Lauderdale county.

HON. J. L. BUCKLEY, Judge.

Amelia Webster was convicted of unlawful retailing and
appeals.

The facts are fully stated in the opinion of the court.

*W. F. Collins* and *Geo. H. Ethridge*, for appellant.

We desire first to discuss the question as to the admis-
sion of the evidence of a plea of guilty in the mayor's
court, and the admission of the mayor's docket to show
a conviction of a similar charge in the mayor's court. It
is well settled in this state that the unsworn pleadings
of the parties are not admissible in evidence. *Meyer v.*
*Blackmore,* 54 Miss. 570; *Crump* v. *Guock,* 40 Miss. 765;
*Co-operative Ins. Co.* v. *Lifton,* 53 Miss. 1. It certainly
would be a great hindrance to justice to permit a plea of
guilty in one court to be offered in evidence on another
trial in another court. Section 1762 of the Code has no
reference to the facts in this phase of the case. That
section, if constitutional, would only permit the intro-
duction of offenses against the same authority that had
not been punished, either acquited or convicted; and up
to this time I have never heard of a court going so far as
to hold that evidence of another conviction could be
offered, nor that the facts of an offense, where it had been
tried, could be offered in evidence. Of course the section

merely intended to allow the state to produce evidence of a punishable offense and offer it to the jury. This must have been the section which influenced the trial judge in admitting the evidence to the jury. The facts in this case do not come within the exception to the rule excluding evidence of other offenses. The rule is well stated in *King* v. *State*, 66 Miss. 502, 6 So. 188, where the question is discussed. The rule is there stated as being a general rule, and is that in criminal cases evidence of a crime, other than the one with which the accused is charged and is being tried, is inadmissible; and it being doubtful whether such evidence is admissible, then such evidence should be excluded. *Dabney* v. *State*, 82 Miss. 252, 33 So. 973. In *Whitlock* v. *State*, 6 So. 237, in a burglary charge where separate and distinct offenses were offered in evidence, the case was reversed for this reason.

A person under the rulings in this case has to run the gauntlet of every day in the year for a period of two years; he is subject to be confronted with any witness in the Universe, and is charged with any offense committed in the whole county. If section 1762 be constitutional then the clause of the Constitution requiring notice of the offense is vain words, "sounding brass and a tinkling cymbal." So far as any practical good is concerned he might just as well be brought into court blindfolded, gagged and bound. This section surely was conceived in iniquity and born in sin. "It is horrible in conception, iniquitous in outline and damnable in detail;" a piece of legislation that shields the habitual criminal from adequate punishment, and at the same time enables the malicious to crush the innocent. Its presence in the Code can only be accounted for on the theory that the mind of the legislature was so engrossed with the multitude of provisions in the closing days of the session that it had not time to deliberate. If it was not the existence of this section that caused the trial judge to admit this evidence of the plea of guilty, and the mayor's docket showing a

conviction, it is difficult to see on what reasoning it was admitted. It was held in *Collins* v. *State*, 54 So. 666, that it was reversible error to admit evidence that the defendant kept a house of prostitution, when the defendant was being tried for selling intoxicating liquors. A case directly in point on the admitting the plea of guilty is *Meadows* v. *Commonwealth*, 31 Ky. Law Rep. 1159, 104 S. W. 954. This was a case where the defendant was indicted for creating and maintaining a nuisance in that the defendant wantonly and openly permitted persons to congregate at her house for the purpose of having sexual intercourse with her. It was held error to permit the county judge to testify that she plead guilty in his court to a similar charge. The error in admitting this evidence was not cured by failing to subsequently object to substantially the same testimony. Where the principle is admitted by the trial judge over proper objection and exception, it is not incumbent upon a party or his attorney to harass and annoy the trial judge and opposing counsel with continued objections, *Cook* v. *State*, 81 Miss. 146, 32 So. 312; *Herrin* v. *Daly*, 31 So. 790. It was especially error not to instruct the jury to disregard this evidence after it was shown that the defendant had not plead guilty and knew nothing of this plea at or before it was entered, and that it was entered and the fine paid by a party who was not the agent or attorney of the defendant.

*Frank Johnston*, assistant attorney-general, for the state.

Counsel for the defendant argue as if the effort was in this case to convict the defendant of selling beer as charged in this indictment by showing that she had been convicted of a similar offense in the mayor's court. In other words, to convict her of the offense charged in the indictment by showing proof of a conviction of a similar character.

The answer to this whole proposition is that a conviction upon a plea of guilty in the mayor's court in the two cases was for identically the same offense. The evidence of the state showed a plea of guilty. In other words, this is an admission by the defendant of the fact of the commission of this particular offense charged in in the indictment. So that, it is not the case of an effort to establish the defendant's guilt in this case for liquor selling by proof of the fact the she had sold liquor on a different occasion.

This would be permitted under section 1762 but eivdently the purpose of this evidence was simply to show by the act of the defendant that she had admitted the sale of this particular liquor.

COOK, J., delivered the opinion of the court.

This defendant was indicted for the unlawful retailing of intoxicating liquors. Upon the trial of the case, and over the objection of the defendant, the court allowed the state to prove that the defendant had been previously convicted of the same crime before a justice of the peace.

It seems that the evidence of a former conviction was permitted to go the jury upon the erroneous theory that this class of evidence was permissible under section 1762 of the Code of 1906. This statute provides that the state shall not be confined in proof of a single violation, but may give in evidence any one or more offenses of the same character committed anterior to the date laid in the indictment. But this has no reference to cases that have been tried and finally disposed of, but refers only to other cases of the same character which have not been tried, and of which the defendant might be convicted under the present indictment.

It was clearly injurious to the defendant's cause to allow proof of former convictions, when these convictions could have formed no part of the case being tried by the jury. This character of proof is never admissible, and section 1762 has no reference to cases of this kind.

We think there was no error in allowing the district attorney to correct a clerical error in the date of the indictment, and to then proceed to a further trial of the case, without reference to the words employed by the district attorney in asking the court for the privilege of correcting the clerical error.

*Reversed and remanded.*